

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-25-2007

# Subclass 2 Master v. St Paul Fire

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2755

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Subclass 2 Master v. St Paul Fire" (2007). *2007 Decisions.* Paper 381.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/381

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

————

No. 06-2755

————

* SUBCLASS 2 OF THE MASTER CLASS
OF PLAINTIFFS DEFINED AND CERTIFIED
IN THE JANUARY 30, 2006 AND JULY 28, 2006
ORDERS OF THE CIRCUIT COURT OF COOK
COUNTY, ILLINOIS IN THE LITIGATION
CAPTIONED TRAVEL 100 GROUP, INC. V.
THE MELROSE HOTEL COMPANY, ET AL.,
DOCKET NO. 03 CH 12536,
                                                  Appellant

v.

ST. PAUL FIRE AND
MARINE INSURANCE COMPANY

* (Amended as per the Clerk's 10/10/06 Order)

————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 05-cv-03467)
District Judge: Hon. Berle M. Schiller

————

Argued: September 18, 2007

Before: SLOVITER, SMITH, and WEIS, Circuit Judges

————

The insured, Melrose Hotel Company, filed an action in Pennsylvania state court seeking a declaratory judgment that its insurer, St. Paul Fire and Marine Insurance Company (the defendant appellee), has the responsibility to defend it from a class action lawsuit filed by the Travel 100 Group, Inc. in an Illinois state court, alleging that Melrose's unsolicited fax advertisements violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, and various state laws. In time, Melrose signed a settlement agreement with Travel 100, providing for an entry of judgment against Melrose for 1.9 million dollars and assignment of Melrose's coverage rights against St. Paul should it refuse to pay $500,000 toward the settlement. When St. Paul refused, Melrose (on behalf of Travel 100) filed this action for a declaratory judgment against St. Paul in a Pennsylvania state court seeking a declaration that St. Paul must defend and indemnify Melrose in the Travel 100 litigation. St. Paul removed this action to the District Court on the basis of diversity jurisdiction, and the Court granted summary judgment for St. Paul.

On appeal, Melrose argues that the District Court should have denied St. Paul's motion for summary judgment because the Travel 100 complaint triggered St. Paul's duty to defend under the policy; that the District Court misconstrued the Travel 100 complaint; that the District Court's construction of the policy was not supported by Pennsylvania law, and that the District Court's conclusion was contrary to the reasonable expectations of the insured.

We have reviewed the briefs filed by the parties, heard oral argument on this matter, and conclude that, essentially for the reasons set forth by the District Court, its judgment will be affirmed.

BY THE COURT:


  /s/   Dolores K. Sloviter
Circuit Judge


Dated: 25 September 2007